IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROGER KIM FAIRCHILD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LARRY WRIGHT, Warden, South )<br>Idaho Correctional Institution, )<br>)<br>Respondent. )<br>_____ ) | Case No. CV 99-0338-S-BLW<br><br>**MEMORANDUM DECISION**<br>**AND ORDER** |

Currently before the Court in this habeas corpus matter is Respondent's Motion for Partial Summary Dismissal. (Docket No. 59.) After reviewing the parties' briefing and the record, the Court has determined that it will resolve this matter without oral argument. *See* D. Idaho L. Civ. R. 7.1. For the reasons set forth more fully herein, the Court will grant in part and deny in part Respondent's Motion.

## BACKGROUND

On June 23, 1989, a confidential informant, acting under the supervision of law enforcement officials, went into Petitioner's trailer home in Ketchum and received a bindle of cocaine from Petitioner. *State's Lodging A-1*, p. 6. The informant had been searched before and after the transaction, and the transaction was monitored by police officers. *State's Lodging A-1*, p. 7. As a result this exchange, and with additional information provided by another confidential informant, Officer Jeff Alexander prepared an affidavit for a search warrant of the trailer home and the vehicles registered to

**Memorandum Decision and Order - 1**

Petitioner.  *State's Lodging A-1*, pp. 1-9.  The search warrant was issued and executed the next morning, and officers discovered large quantities of cocaine and marijuana, drug paraphernalia, records and tally sheets, and items indicating Petitioner's ownership and residency.  *State's Lodging A-8*, pp. 1043-49; *State's Lodging A-9*, pp. 1085, 1088-89.  Petitioner, the only occupant at the time of the search, was arrested.

Based upon the items seized, the State charged Petitioner with one count of possession of cocaine with intent to deliver and one count of possession of more than three ounces of marijuana.  *State's Lodging A-1*, pp. 17-18.  Before trial, Petitioner filed three motions to suppress evidence.  *State's Lodging A-1*, pp. 90-92; *State's Lodging A-3*, pp. 7-10, 26-28.  Petitioner also requested the trial court to order the State to disclose the identities of the confidential informants who supplied the information that was included in Officer Alexander's affidavit for a search warrant.  *State's Lodging A-1*, p. 73, 127-33.  The trial court denied this request and, after conducting an evidentiary hearing, it also denied his motions to suppress.  *State's Lodging A-1*, pp. 121-23, 141; *State's Lodging A-2*, pp. 257-63, 286.

The case proceeded to trial, and a jury was selected on November 1, 1989.  *State's Lodging A-6*, pp. 401-415.  After defense counsel gave his opening statement, the prosecutor informed the trial court of a problem with the evidence to which defense counsel had alluded during his comments to the jury.  *State's Lodging A*-6, pp. 420-21.  Defense counsel claimed that he was surprised by the evidentiary issue and he requested a mistrial, which was granted.  *State's Lodging A-6*, pp. 418-21.  He subsequently filed a

**Memorandum Decision and Order - 2**

motion to dismiss on double jeopardy grounds, which was denied. *State's Lodging A-2*, pp. 287, 312-16. He also renewed the suppression motions on Petitioner's behalf, which were also denied. *State's Lodging A-2*, pp. 324-28.

After a second jury trial, Petitioner was convicted as charged. *State's Lodging A-2*, pp. 417-18. The district court sentenced him to an aggregate term of 35 years in prison, with the first 12 years fixed. *State's Lodging A-2*, pp. 428-29. Petitioner appealed to the Idaho Court of Appeals, which affirmed, and the Idaho Supreme Court declined to review the case. *See State v. Fairchild*, 829 P.2d 550 (Idaho Ct. App. 1992). Petitioner's subsequent post-conviction and state habeas actions were unsuccessful.

In May 1998, Petitioner filed a federal Petition for Writ of Habeas Corpus in this Court. *Case No. CV-98-0173-S-MHW*. After the Court informed Petitioner that he had included claims that had not been raised in state court, Petitioner filed a motion to dismiss the Petition without prejudice so that he could attempt to exhaust the additional claims. *Case No. CV-98-0173*, Docket No. 5. The Court granted that request. *Case No. CV-98-0173*, Docket Nos. 7 & 8. Petitioner thereafter chose to file an original habeas corpus petition in the Idaho Supreme Court, which that court denied on June 30, 1999. *State's Lodgings G-1, G-3*.

On August 11, 1999, Petitioner initiated the current federal habeas action, raising twenty claims.[1] (Docket No. 1.) This Court determined that Petitioner had filed his new

---

[1] The Court permitted Petitioner to amend the Petition insofar as the amendments contained additional procedural history. (Docket No. 19.) Petitioner's substantive claims are

**Memorandum Decision and Order - 3**

Petition beyond the one-year statute of limitations, and it dismissed the action, but the Ninth Circuit Court of Appeals remanded the case for further consideration.  (Docket No. 35.)  On remand, this Court concluded that Petitioner is entitled to equitable tolling of the statute of limitations and that the Petition is timely.  (Docket Nos. 52 & 56.)

Respondent has now filed a Motion for Partial Summary Dismissal, contending that several of Petitioner's claims are procedurally defaulted or not cognizable in a habeas proceeding.  Petitioner has responded, and the matter is now ripe for a decision.

## STANDARD OF LAW

Summary dismissal is appropriate in a habeas matter when the petitioner has not stated claims upon which relief may be granted.  *See* Rule 4 of the Rules Governing Section 2254 Cases.  Habeas relief is available only to a person who is in state custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Habeas relief does not lie for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62 (1991).  The United States Supreme Court has also generally excluded from habeas review claims that arise under the Fourth Amendment, unless the petitioner did not receive a full and fair opportunity to litigate such claims in state court.  *Stone v. Powell*, 428 U.S. 465, 481-82 (1976).

A petitioner must satisfy additional procedural requirements before his claims may be heard.  For any cognizable claim that a petitioner has raised, he must have first exhausted his state court remedies.  *See* 28 U.S.C. § 2254(b)(1)(a); *See also O'Sullivan v.*

---

contained in the original Petition for Writ of Habeas Corpus.

**Memorandum Decision and Order - 4**

*Boerckel*, 526 U.S. 838, 842 (1999).  To exhaust a claim properly, the petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a fair opportunity to correct the alleged constitutional error at each level of the state's appellate review process.  *Baldwin v. Reese*, 541 U.S. 27 (2004).

If a petitioner did not raise a constitutional claim in state court, and it is now to late to do so, the claim is procedurally defaulted.  *Gray v. Netherland*, 518 U.S. 152, 161 (1996).  A habeas claim has also been procedurally defaulted when the petitioner actually attempted to raise the claim in state court, but the state court denied or dismissed the claim after invoking a procedural rule that is independent of federal law and is adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  A procedurally defaulted claim will not be heard in a habeas proceeding unless the petitioner can establish cause for the default and actual prejudice, or he can show a miscarriage of justice in his case, which means that the petitioner is actually innocent of the offense.  *Id*. at 750.

## DISCUSSION

Respondent contends that Claims 1, 3, 4, 6-8, 11-20 are either not cognizable in a habeas proceeding or procedurally defaulted, or both, and that these claims must be dismissed.  The Court agrees with Respondent with respect to Claims 6-8 and 11-20, and those claims will be dismissed with prejudice.  The Court rejects, without prejudice, Respondent's contention that claims that are based upon the Fourth Amendment must be dismissed under *Stone v. Powell*, 428 U.S. 465, 481-82 (1976).   The Court denies

**Memorandum Decision and Order - 5**

Respondent's Motion with respect to Claim 1.

    A.    <u>Claims Arising Under the Fourth Amendment</u>

In Claim 4, Petitioner contends that the trial court erred, on several different grounds, when it failed to suppress evidence allegedly taken in violation of Petitioner's Fourth Amendment right against unreasonable searches and seizures. Ordinarily, the Court would quickly dispose of these allegations, relying upon *Powell*'s prohibition on litigating such claims in a habeas proceeding, but Petitioner contends, in Claim 3, that he did not receive a full and fair hearing on these issues in state court. *See Petition*, p. 20. Petitioner appears to base this assertion, in part, on the trial court's decision to permit the prosecution to withhold the identities of the confidential informants and some of the police officers involved in the controlled transaction that led to the issuance of a search warrant. *See Petition*, p. 20; *State's Lodging B-1*, p. 71; *State's Lodging D-1*.

Whether Petitioner had a full and fair opportunity to litigate some or all of his Fourth Amendment issues, then, appears to be linked to some degree to Petitioner's separate constitutional challenges to the denial of his requests to discover the identities of all of the actors involved in the controlled transaction, which he has raised in Claims 2 and 9. Respondent does not seek summary dismissal these claims. In an abundance of caution, the Court will await Respondent's Answer and additional development on these related matters before addressing whether the Fourth Amendment claims are precluded by *Powell*. Accordingly, the Court will deny, without prejudice, Respondent's motion to

**Memorandum Decision and Order - 6**

dismiss Claims 3 and 4.[2]

    B.    Other Claims

    Claim 1

In this claim, Petitioner alleges that his Fifth Amendment right against being twice placed in jeopardy was violated when he was retried after the prosecutor "goaded" defense counsel into requesting a mistrial at the first trial. Although not the primary focus of the claim, Petitioner also claims that his Sixth Amendment right to the assistance of counsel was violated. Respondent contends that Petitioner did not assert the Sixth Amendment basis in state court. The Court disagrees.

Though it is true that Petitioner framed the issue in state court primarily as a double jeopardy claim, he also argued that his right to the effective assistance of counsel was violated by the prosecutor's alleged misrepresentations, and he specifically cited the Sixth Amendment in his appellate briefing. *State's Lodging B-1*, pp.44-45; *State's Lodging B-4*, p. 6 (incorporating Appellant's Brief). In disposing of the claim, the Idaho Court of Appeals likewise noted that Petitioner had alleged that the State's actions "further deprived the defense of the effective assistance of counsel." *State v. Fairchild*, 829 P.2d 550, 553 (Idaho Ct. App. 1992). Therefore, the Court concludes that Petitioner

---

[2] In Claim 12, Petitioner contends that the trial court's failure to suppress evidence because of Officer Alexander's alleged misrepresentations of fact in the affidavit of a search warrant violated his right to due process under the Fourteenth Amendment. *See Petition*, p. 38. To the extent that this claim is really a Fourth Amendment claim, it is included within Claim 4. *Petition*, p. 22, part 4. To the extent that Petitioner relies exclusively on the Due Process Clause to support Claim 12, it is procedurally defaulted, as explained below.

**Memorandum Decision and Order - 7**

has properly exhausted this claim.

### Claim 6

In Claim 6, Petitioner contends that the state trial court gave the jury an incorrect instruction regarding joint possession under Idaho law. Respondent counters that this allegation is purely a matter of state law for which habeas relief is unavailable. *See Estelle v. McGuire*, 502 U.S. 62 (1991). The Court agrees that Petitioner has failed to allege a federal constitutional violation here, but even if he had, Petitioner did not present the claim as a constitutional matter in state court. *State's Lodging B-1*, pp. 88-89. Any attempt to frame the issue as a constitutional claim now would be procedurally defaulted.

### Claim 7

In this claim, Petitioner alleges that his right to due process of law under the Fourteenth Amendment was violated when the trial court permitted the jury to inspect a trial exhibit during deliberations. In his direct appellate brief, Petitioner raised a similar issue, but he relied primarily upon state law. *State's Lodging B-1*, p. 90. Admittedly, Petitioner cited the Fourteenth Amendment, but he did so only in passing, without elaboration or argument. This naked reference is insufficient to fairly present the substance of the federal claim to the state court, and it is now procedurally defaulted. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

### Claim 8

In Claim 8, Petitioner alleges that the trial court violated his due process rights by not disclosing the identities of the confidential informants, listening to certain audiotapes,

**Memorandum Decision and Order - 8**

or conducting an in camera hearing to determine the truth and veracity of the informants. While Petitioner raised a similar claim during his direct appeal, it was limited to the trial court's denial of Petitioner's requests to discover the informants' identities, which forms the basis of Claim 2 in this proceeding. Respondent does not seek summary dismissal of Claim 2.

Petitioner attempted to raise the additional matters contained in Claim 8 during his state post-conviction proceeding, but the Idaho Court of Appeals determined that these matters were so closely related to the claim that he had raised on direct appeal that they would not be considered during the collateral appeal. *Fairchild v. State*, 912 P.2d 679, 684 (Idaho Ct. App. 1996). In reaching this decision, the Idaho Court of Appeals relied upon the state procedural bar that prohibits a post-conviction petitioner from raising claims that were or could have been raised on direct appeal. *Id.* Respondent has demonstrated that this procedural bar is a clear and consistently applied rule that is independent of federal law. *See, e.g., Raudebaugh v. State*, 21 P.3d 924, 928 (Idaho Ct. App. 2001).

Petitioner's attempt to raise the claim again in his original petition for writ of habeas corpus in the Idaho Supreme Court was also procedurally improper. Under Idaho law, a defendant must raise on direct appeal any claim that can be raised during the appeal or it will be deemed to have been forfeited. *See* Idaho Code § 19-4901(a). Any other challenge to the defendant's conviction or sentence must be pursued under the Uniform Post-Conviction Procedure Act (UPCPA), Idaho Code §§ 19-4901 – 4911. The

**Memorandum Decision and Order - 9**

UPCPA is the exclusive post-conviction procedure in which to present claims contesting the legality of a defendant's conviction or sentence, and it has supplanted all other common law remedies. *Eubank v. State*, 949 P.2d 1068, 1070 (Idaho Ct. App. 1997). Since the enactment of the UPCPA, pleadings mislabeled as habeas corpus petitions have been treated as an applications for post-conviction relief. *See, e.g., Dionne v. State*, 459 P.2d 1017, 1019 (Idaho 1969); *Palmer v. Dermitt*, 635 P.2d 955, 957 (Idaho 1981). In addition, while the Idaho Supreme Court has the original jurisdiction to consider a petition for writ of habeas corpus, it exercises that jurisdiction only under extraordinary circumstances. *See In re Barlow*, 282 P.2d 380 (Idaho 1929).

The Idaho Court of Appeals determined that this particular claim was or should have been included in the direct appeal. *Fairchild v. State*, 912 P.2d at 684. Given that Petitioner then followed an incorrect procedural path under state law when he attempted to short-circuit this decision and re-raise the claim in his state habeas petition, the Idaho Supreme Court's summary denial of that petition must be deemed to have been a rejection on these same procedural grounds. *See Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985) (holding that the Idaho Supreme Court's dismissal, without comment, of an original habeas corpus action was a rejection on procedural grounds). Petitioner cannot be rewarded in federal court for his failure to follow the necessary procedural steps in raising his constitutional claims in the state courts. *Id.* Accordingly, Claim 8 is procedurally defaulted.

### Claim 11

**Memorandum Decision and Order - 10**

In Claim 11, Petitioner raises a Fifth Amendment double jeopardy claim based upon the prosecutor's alleged acquiescence in the mistrial. Respondent contends that this particular basis for Petitioner's double jeopardy claim is procedurally defaulted. The Court agrees.

Petitioner raised a double jeopardy claim on direct appeal in state court, but it was based upon the prosecutor's "goading" of defense into requesting a mistrial, a claim that he has repeated here as Claim 1. *State's Lodging B-1*, pp. 29-59. He did not argue that the prosecutor assented to the mistrial as a separate basis to support the issue. Because he did not present the same legal theory and operative facts in his direct appeal in support of the double jeopardy claim, he did not fairly present this claim for purposes of exhaustion.

Petitioner attempted to argue the substance of the claim as an ineffective assistance of appellate counsel issue during the appeal from the denial of his post-conviction proceeding, but the Idaho Court of Appeals rejected it because he had not first raised it in the district court. *Fairchild*, 912 P.2d at 686. The Court of Appeals also determined that to the extent that Petitioner was attempting to recast the substantive double jeopardy issue, it was barred in collateral proceedings because he could have raised it on direct appeal. *Id.* These are clear and consistently applied state procedural bars that will preclude review by this Court. *See, e.g., State v. Fodge*, 824 P.2d 123, 126 (Idaho 1992).

Finally, Petitioner's attempt to properly exhaust this claim by raising it in his state habeas petition in the Idaho Supreme Court fails for the same reasons that Claim 8 was not properly exhausted.

**Memorandum Decision and Order - 11**

Claim 12

In this claim, Petitioner contends that the state trial court violated his constitutional right to due process of law under the Fourteenth Amendment by not granting his motion to suppress evidence based upon Officer Alexander's alleged misrepresentations of fact to the magistrate who issued the search warrant. This appears to be a Fourth Amendment claim camouflaged as a Fourteenth Amendment claim, which the Court concludes Petitioner has already included as a part of Claim 4. *See Petition*, p. 22, part 4. But even if it is proper to bring the claim solely under the Fourteenth Amendment, Petitioner did not present the claim in that manner in state court until his habeas petition filed in the Idaho Supreme Court, which, as noted, was improper. The claim is defaulted.

Claim 13

In Claim 13, Petitioner contends that his counsel was ineffective in failing to object to, and to challenge on appeal, statements that Petitioner made at the time of his arrest under *Miranda v. Arizona*, 384 U.S. 436 (1966). Though Petitioner raised this claim in the Idaho Court of Appeals during the appeal from the denial of his Petition for Post-Conviction Relief, he did not include it in his subsequent Petition for Review in the Idaho Supreme Court. *State's Lodging D-8*, pp. 2-14. Petitioner's failure to do so means that he did not fairly present the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner's attempt to raise the claim in his state habeas petition was improper.

Claims 14-20

None of these claims were raised until Petitioner filed his state habeas petition. In

**Memorandum Decision and Order - 12**

light of the well-established procedures under Idaho law for raising constitutional challenges to a conviction, the Idaho Supreme Court's summary denial of that petition must be construed to be a rejection of these claims on procedural grounds. Consequently, these claims are all procedurally defaulted.

      C.      <u>Cause and Prejudice or Miscarriage of Justice</u>

The Court has determined that Claims 7, 8, and 11-20 are procedurally defaulted. Petitioner makes no argument that cause and prejudice excuse any default, and the Court has independently examined the record and found none. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Petitioner does present a vague argument that the failure to hear the defaulted claims will result in a miscarriage of justice, but he has not accompanied this contention with any new evidence that he is actually innocent of the offenses for which he stands convicted. *See Schlup v. Delo*, 513 U.S. 298, 328 (1995) (holding that the petitioner must come forward with new reliable evidence of actual innocence). Accordingly, the procedurally defaulted claims will be dismissed with prejudice.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Partial Summary Dismissal (Docket No. 59) is GRANTED in part and DENIED in part. The Motion is granted with respect to the following claims, which will be dismissed with prejudice: 6, 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20. Respondent's Motion is denied, without prejudice, with respect to Claims 3 and 4. Respondent's Motion is denied with respect to Claim 1.

**Memorandum Decision and Order - 13**

IT IS FURTHER ORDERED that Respondent shall file an Answer within 60 days of the date of this Order.

IT IS FURTHER ORDERED that all motions for summary judgment shall be filed within 30 days of date that Respondent files his answer.  Responses to summary judgment motions shall be filed within 30 days of receiving a motion.  Replies may be filed within 14 days of receiving a response.

DATED:  **September 8, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 14**